IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BRAD PEARCE,                            )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )   Case No. CIV-23-152-JAR
                                        )
MUSKOGEE COUNTY, OKLAHOMA,              )
a political subdivision, which          )
is sued in the name of the              )
Board of County Commissioners           )
For Muskogee County, Oklahoma,          )
                                        )
            Defendants.                 )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Docket Entry #12). Plaintiff commenced this case on May 9, 2023, alleging that he was employed by Defendant from May of 2017 until September 9, 2021. Beginning on January 3, 2021, Plaintiff states that he was employed as a Road Foreman. (Doc. No. 2, p. 2, ¶ 6 -7).

On April 26, 2021, Plaintiff underwent surgery "to remove part of his colon to address potentially cancerous legions (sic) in his colon." (Doc. No. 2, p. 2, ¶ 10). Plaintiff requested a medical accommodation for the surgery. (Doc. No. 2, p. 2, ¶ 11). He returned to work "around the end of May or the first part of June 2021." (Doc. No. 2, p. 2, ¶ 12). Plaintiff requested a medical accommodation for light duty. (Doc. No. 2, p. 2, ¶ 13).

Defendant allegedly "refused to accommodate the Plaintiff or engage in an interactive process to identify and provide a reasonable accommodation." Plaintiff states that he was told Defendant does not allow light duty and does not allow employees to return to work unless they have no restrictions and work "at one hundred percent." (Doc. No. 2, p. 2, ¶ 14-15). To that end, Plaintiff's supervisor, Keith Hyslop ("Hyslop"), told Plaintiff he would need a note from a doctor stating that he could return to work without accommodation. Hyslop, a County Commissioner for Muskogee County, allegedly told Plaintiff's physician that his job did not require heavy lifting or "manual labor" but rather consisted of "driving around the County looking for repairs then assigning such repairs to the crew." (Doc. No. 2, p. 3, ¶ 16-17). Plaintiff's physician gave Plaintiff a note stating he could return to work without restrictions. (Doc. No. 2, p. 3, ¶ 18).

Plaintiff requested medical accommodation to take off work for further treatment and medical observation. Defendant denied these requests and began taking away his job duties and giving them to another employee. (Doc. No. 2, p. 3, ¶ 19-21). Hyslop questioned Plaintiff as to whether he should continue working or whether he should quit and focus on his health. Plaintiff repeatedly told Hyslop that he was capable of working and asked

Hyslop to stop these comments. (Doc. No. 2, p. 3, ¶ 22-23).

Plaintiff alleges that Hyslop began "setting Plaintiff up to fail, including refusing to give Plaintiff and his crew the equipment necessary to perform their jobs." (Doc. No. 2, p. 4, ¶ 24). Hyslop allegedly told Plaintiff that he was told by the local district attorney to "get rid" of Plaintiff. (Doc. No. 2, p. 4, ¶ 26). Plaintiff was terminated from his employment with Defendant on September 9, 2021. (Doc. No. 2, p. 4, ¶ 25).

Plaintiff alleges he suffered lost wages and benefits as well as emotional distress. Plaintiff states that he exhausted his administrative remedies by "timely filing an EEOC charge of discrimination on February 2, 2022" and that "[t]here is no exhaustion requirement under the federal Rehabilitation Act." (Doc. No. 2, p. 4, ¶ 28-30).

Plaintiff asserts claims for violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.

In the pending request for dismissal, Defendant contends Plaintiff failed to fully exhaust his administrative remedies to assert a claim under the ADA. Exhaustion consists of filing an EEOC charge within 300 days of the last act of discrimination occurred, receiving a right-to-sue letter from the EEOC, and filing suit within ninety (90) days of receiving the right-to-sue letter.

Lincoln v. BNSF Railway Co., 900 F.3d 1166, 1181 (10th Cir. 2018); Tadlock v. Marshall Cnty. HMA, LLC, 603 F. App'x 693, 700 (10th Cir. 2015). Failure to exhaust administrative remedies is an affirmative defense under the Rehabilitation Act and ADA. Lincoln v. BNSF Railway Co., 900 F.3d 1166, 1185 (10th Cir. 2018); Goodson v. DeJoy, 2023 WL 4782947 at *5 (10th Cir. 2023)(unpublished)(explaining failure to exhaust is an affirmative defense against Rehabilitation Act and ADA claims).

Defendant contends that this Court may consider the right-to-sue letter which it appends to its response which indicates that it was sent by e-mail to Plaintiff's attorney on February 7, 2023. This action was filed on May 9, 2023 which would be beyond the ninety day filing requirement. *See* 42 U.S.C. § 2000e-5(f)(1) (providing filing deadlines for Title VII claims); 42 U.S.C. § 12117(a) (specifically adopting Title VII filing deadlines for ADA claims). Defendant argues that the Complaint sufficiently references the facts derived from the right-to-sue letter such that it is effectively incorporated into the allegations of the Complaint and may be considered despite not actually being attached to the Complaint itself. Plaintiff disagree as to the sufficiency of the references in the Complaint to invoke this rule.

Generally, when ruling on a Rule 12(b)(6) motion to dismiss,

the Court may consider the complaint and exhibits attached to the complaint or incorporated into the complaint by reference. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). "In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). Outside of these documents attached to a complaint, "[t]he Court is not permitted to consider factual allegations outside the complaint when ruling on a motion to dismiss under Rule 12(b)(6), . . . ." Sallis v. Oil Capital Elec., LLC, 2010 WL 3789534, at *4 (N.D.Okla. Sept. 23, 2010)(citing Tal v. Hogan, 453 F.3d 1244, 1252 (10th Cir.2006)). See Kearney v. Dimanna, 195 Fed.Appx. 717, 721 n. 2 (10th Cir.2006)("It is well-established . . . that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.").

The Complaint does not expressly reference the right-to-sue letter but, more importantly, nothing in the document indicates the date it was actually received by Plaintiff. Despite the letter indicating it was transmitted by e-mail to counsel on February 7,

2023, a subsequent communication by counsel to the EEOC would appear to indicate that counsel had not yet received the right-to-sue letter. This creates a factual dispute concerning the facts surrounding the exhaustion issue which cannot be resolved through the motion to dismiss process.

Defendant next asserts that Plaintiff has failed to allege facts to sufficiently state a claim under the Rehabilitation Act. Specifically, the Rehabilitation Act requires that the person subjected to discrimination "by the federal government or by a program or activity receiving federal financial assistance." 29 U.S.C. § 794a. Defendant contends that Plaintiff has failed to make such an allegation in the Complaint, thereby failing to sufficiently state a claim under the Rehabilitation Act.

This Court agrees with our sister court in the Western District of Oklahoma that "as to the element of whether the University receives federal financial assistance, the court agrees with Driskill that she need not specifically allege this element of the prima facie case to survive dismissal under Rule 12(b)(6)." Driskill v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma, 2021 WL 1947870, at *5 (W.D. Okla. May 14, 2021) citing Ryan v. Shawnee Mission U.S.D. 512, 416 F.Supp.2d 1090, 1097 (D. Kan. 2006). This is not to say that Plaintiff will bear the burden of

establishing that Defendant qualifies as an entity covered by the Rehabilitation Act.  This Court simply finds that such specificity is required to survive a dismissal motion.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Docket Entry #12) is hereby **DENIED.**

IT IS SO ORDERED this 25th day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE